**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15-cr-00215-JAR-1 |
| | ) | |
| JOHN PUCKETT, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant John Puckett's motion seeking termination of his lifetime term of supervised release pursuant to 18 U.S.C. § 3583(e) [ECF No. 74]. For the following reasons, Defendant's motion will be denied.

**BACKGROUND**

In September 2016, Defendant John Puckett pleaded guilty to three counts of possession of child pornography in the Eastern District of Missouri. In December 2016, Defendant was sentenced to 46 months in prison to be followed by a lifetime term of supervised release. In May 2019, Defendant was released from prison and began his term of supervised release.

In September 2025, Defendant filed the instant motion requesting termination of his term of lifetime supervision [ECF No. 74]. Defendant argues that his supervision should be terminated on the following grounds: (1) he has completed his sentence of incarceration; (2) he has complied and succeeded on supervised release; (3) he has completed multiple treatment and counseling programs; (4) he is statistically unlikely to reoffend; and (5) he will continue to have collateral consequences for his plea which punish him for his conduct.

1

In October 2025, the Government filed a response opposing termination of Defendant's supervised release [ECF No. 75]. The Government argues that the nature and circumstances of Defendant's offense and his history and characteristics factor against termination of supervised release. The Government details how the investigation into Defendant's case established that he sought out, located, and downloaded child pornography from "eMule," a peer-to-peer online file sharing program. Investigators found over 180 videos of child pornography, including depictions of sexual abuse, bestiality, and sadomasochistic acts perpetuated on children. Given this history, the Government states that Defendant is still a risk to children. Further, the Government believes that termination of Defendant's supervised release would not duly afford adequate deterrence under § 3553(a)(2)(B), as the Internet Monitoring Program would no longer be in place and Defendant would not be required to attend the treatment program designed for sex offenders. The Government notes that this Court considered all the facts at hand and the § 3553(a) factors at Defendant's sentencing hearing and imposed a lifetime term of supervised release. Thus, the Government posits that the lifetime term of supervised release should not be disturbed until Defendant proves for an extended period of time that he does not pose any threat to the community.

In reply, Defendant maintains that he does not pose a danger to the public and that his conviction and registration requirements afford adequate deterrence [ECF No. 76]. Defendant believes that since he has completed sex offender treatment and complied with supervision to date, he has shown he is not a threat to society. Moreover, Defendant states that he will always carry the felony conviction and public stigma of possession of child pornography and sex offender registration requirements, which will provide deterrence and protection to the public. Defendant also identifies practical impediments to his reintegration into society. Defendant

asserts that given his technology and location restrictions, he is unable to resume his career in audio and recording work and cannot fully assist his disabled sister who requires help with her electronic devices and storage facilities that she needs to occasionally access.

## DISCUSSION

Upon review of the facts and the arguments of each party, the Court finds no basis to terminate Defendant's supervised release at this time. The Court considered each of the § 3553(a) factors at the time of Defendant's sentencing, including the nature and circumstances of the offense, the history and characteristics of Defendant, and public safety. These factors likewise weigh against the termination of supervised release, which Defendant has been on for only slightly over six years. Defendant used a peer-to-peer file sharing program in procuring over 180 videos depicting sexual abuse of children. The sentence imposed, including supervised release, reflects the seriousness of the offense and provides just punishment and deterrence to criminal conduct.

Defendant presents no new material facts that would change the balancing of these factors since the time of sentencing. The Court acknowledges that supervised release has created practical complications for Defendant's career and his assistance with his disabled sister. However, these are not significant enough hardships to warrant revisiting Defendant's sentence at this time. Technology use restrictions regularly compel career changes for those on supervised release. Further, Defendant did not indicate that he is the sole caregiver for his disabled sister, so the Court has reason to presume that others can assist with her technology and storage facility needs. While the Court commends Defendant for completing treatment and complying with supervised release thus far, the Court continues to believe that Defendant's sentence is fair and just punishment and that his supervised release is necessary to protect public safety. If, however, Defendant maintains

compliance with zero violations after ten years of supervised release, the Court may reconsider termination of supervised release at that time.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant John Puckett's motion seeking termination of his lifetime term of supervised release [ECF No. 74] is **DENIED**.

Dated this 16th day of December, 2025.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE